CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 18 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALMAZ NEZIROVIC, | ) |
| | ) |
| v. | ) Case No. 7:13cv00428 |
| | ) |
| GERALD S. HOLT, | ) |
| UNITED STATES MARSHAL, | ) |
| WESTERN DISTRICT OF VIRGINIA, and | ) |
| BOBBY D. RUSSELL, SUPERINTENDENT, | ) |
| WESTERN VIRGINIA REGIONAL JAIL | ) |
| | ) |
| Respondent. | ) |

PETITION FOR A WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2241

Comes now the Petitioner, Almaz Nezirovic, by counsel and hereby requests the issuance of a writ of *habeas corpus* requiring respondent to immediately release him from unlawful detention.

INTRODUCTION

1. Nezirovic, a lawful resident alien of the United States, who has lived in Roanoke, Virginia, since 1997, is in custody under the color and authority of the United States, more specifically, being held by Respondent Russell at the Western Regional Jail in Salem, Virginia, within the Western District of Virginia, at the direction of Respondent Holt, the United States Marshal for the Western District of Virginia.

2. Nezirovic is in custody pursuant to an order, process, judgment or decree of a court or judge of the United States, specifically pursuant to the orders of United States Magistrate Judge Robert Ballou of the United States District Court for the Western District of Virginia, such orders having been issued in the case of: *In the Matter of Extradition of Almaz Nezirovic*, Magistrate's

Number 7:12MC39 (hereafter referred to as the underlying case). The underlying case is an extradition action wherein the United States, on behalf of the country of Bosnia Herzegovina, has taken Nezirovic into custody with the intent to deliver him to Bosnia Herzegovina to face criminal charges in that country that are over 20 years old. His confinement began with an arrest order issued by Magistrate Judge Ballou and continues at present pursuant to an order certifying that Nezirovic is extraditable, and directing that he be committed to the custody of the Respondent, such order having been issued by Magistrate Judge Ballou on September 16, 2013. The basis for Nezirovic's detention is purportedly the Extradition Treaty between the United States of America and the Kingdom of Servia, signed October 25, 1901, and effective June 12, 1902 (hereafter "the Extradition Treaty"), which Treaty allegedly makes applicable the extradition laws of the United States codified at 18 U.S.C. § 3181 *et seq.*

3. As stated in the body of the petition below, Nezirovic's custodial status, as ordered by the United States District Court for the Western District of Virginia, is in violation of the Constitution, laws and/or treaties of the United States of America.

## GROUNDS FOR GRANTING THE PETITION

### I. NEZIROVIC IS BEING UNLAWFULLY DETAINED BECAUSE EXTRADITION IS PROHIBITED WHEN, AS IN THE PRESENT CASE, LEGAL PROCEEDINGS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Article VII of the 1902 Treaty between the United States and Servia expressly provides that "Extradition <u>shall not</u> be granted" if legal proceedings for the crime alleged have "become barred by limitations, according to the laws of the country to which the requisition is addressed." *Id.* (Emphasis added). Bosnia-Herzegovina seeks to try Nezirovic for crimes that allegedly occurred over 20 years ago, namely alleged beatings and inhumane treatment of war prisoners in the Rabic Camp near Derventa, Bosnia, between May and July 1992. In 1994, the United States

became a party to the Convention Against Torture Treaty (hereafter "CAT"), which made torture an extraditable offense under the 1902 Treaty for the first time. No form of assault, maiming, or torture were extraditable until 1994. The applicable statute that applied to Nezirovic's alleged conduct in 1992 was felonious assault causing serious bodily injury in violation of 18 U.S.C. § 113(a)(6), as there was no specific torture statute in 1992. Once the alleged beatings became extraditable in 1994, the Treaty then allowed extradition for the 1992 crimes, so long as the crime was one for which Nezirovic could have been punished in this country had the alleged actions occurred here.

The statute of limitations that applies to the alleged felonious assaults is five years. Unless charges are brought by indictment within five years from the alleged crime–in this case, by the end of July 1997–the case is barred by the statute of limitations in the United States. 18 U.S.C. § 3282(a). In an extradition matter, the statute of limitations is tolled once the requesting country issues an arrest warrant, indictment, or its functional equivalent. *Restatement (Third) of Foreign Relations Law* § 476, cmt. e (1987); Sainez v. Venables, 588 F.3d 713, 716-17 (9th Cir. 2009). A "custody order" directing the arrest and detention of Nezirovic, pending further investigation and proceedings by the court, was issued May 28, 2003, and this document was the first functional equivalent of a charging document that was issued against Nezirovic. Such custody orders have previously been recognized as the document from Bosnia which tolls the statute of limitations for extradition purposes. *See, e.g.,* In the Matter of the Extradition of Handanovi, 829 F. Supp.2d 979, 991 (D. Ore. 2011).

Because Bosnia did not issue a custody order for Nezirovic until nearly 11 years after the alleged acts, the prosecution is barred by the statute of limitations in the United States, and thus, the extradition is also barred. Therefore, Nezirovic's continued detention is unlawful.

## II. NEZIROVIC IS BEING UNLAWFULLY DETAINED BECAUSE EXTRADITION IS PROHIBITED WHEN, AS IN THE PRESENT CASE, THE ALLEGED OFFENSE IS OF A POLITICAL CHARACTER.

Article VI of the 1902 Treaty provides that "A fugitive criminal shall not be surrendered if the offense in respect of which his surrender is demanded be of a political character." Determining whether an alleged offense is of a political character is part of the process of determining if an offense is extraditable under the treaty. Ordinola v. Hackman, 478 F.3d 588, 598 (4th Cir. 2007). The elements of this "political offense" exception to extradition are (1) the existence of a violent political disturbance or uprising in the requesting country at the time of the alleged offense, and if so, (2) whether the alleged offense was incidental to the uprising. Id. Clearly, the civil war in Bosnia from 1992-1995 was a violent political disturbance occurring at the time of the alleged offenses. Equally clear, the conduct alleged was incidental to that war or "uprising." The Fourth Circuit has stated that "the means by which hostilities are conducted must be legitimately connected with the war to be characterized as political." Id. at 478 F.3d at 603 (citation omitted). Further, to be considered political offenses, the actions would have to be "in some way proportional to or in furtherance of quelling the...rebellion." Id. at 604. The Bosnian Serbs, backed by the forces of the former Yugoslavian Army, attacked Derventa in early April 1992, bombing hospitals, churches, schools, and temples. Serbian snipers were shooting Bosnian civilians on the street. In response to the devastation of his home town, Nezirovic joined the HVO, a territorial defense group, to try to "quell the rebellion" and save his family, neighborhood, and home town. His duties with the HVO placed him as a guard at the Rabic Camp, in which Serbians attacking Derventa were held, if they were captured during the conflict. Whatever Nezirovic is alleged to have done in his capacity as a guard of war prisoners was clearly done in an effort to defeat the forces that attacked his hometown, and thus, the alleged

offenses, if they occurred at all were political in nature. Because the alleged offenses were political, the Treaty of 1902 prohibits extradition and Nezirovic's continued detention is unlawful.

## PRAYER FOR RELIEF

For all the reasons set forth above, Petitioner requests that a writ of *habeas corpus* issue, directing the Respondent to immediately release Nezirovic from further confinement.

    Respectfully submitted,
    ALMAZ NEZIROVIC

by /s/ Fay F. Spence

Fay F. Spence, VSB # 29706
First Assistant Federal Public Defender
Federal Public Defender's Office, WD Va.
210 First St., SW, Suite 400
Roanoke, VA 24011
(540) 777-0880
Fax: (540) 777-0890

## VERIFICATION

Petitioner Almaz Nezirovic hereby verifies the facts set forth in this *habeas corpus* petition.

    ALMAZ NEZIROVIC

State of Virginia
City/County of ROANOKE

This is to certify that the foregoing was sworn to/subscribed before me by Almaz Nezirovic on this 18 day of September, 2013.

    Notary Public

My commission expires: NOVEMBER 3, 2015

[Notary Seal: MONICA E. CALLAWAY, NOTARY PUBLIC, REG. #7066267, MY COMMISSION EXPIRES 11/3/2015, COMMONWEALTH OF VIRGINIA]