IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALMAZ NEZIROVIC, | ) |
| | ) |
|     Petitioner, | ) |
| | ) Civil Action No. 7:13cv428 |
| v. | ) |
| | ) |
| GERALD S. HOLT, | )   By:  Michael F. Urbanski |
| *United States Marshall, Western District of Virginia* | )         United States District Judge |
| and | ) |
| | ) |
| BOBBY D. RUSSELL, | ) |
| *Superintendent, Western Virginia Regional Jail* | ) |
| | ) |
|     Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the court for review of Petitioner Almaz Nezirovic's Motion to Stay Extradition Pending Appeal (Dkt. # 34). Bosnia and Herzegovina ("Bosnia") seeks Nezirovic's extradition so he can stand trial for alleged war crimes against civilians that occurred during the Bosnian War between April and June 1992. On September 16, 2013, United States Magistrate Judge Robert S. Ballou issued a Certification of Extraditability (the "Extradition Order"), authorizing Nezirovic's extradition to Bosnia. Nezirovic challenged the Extradition Order by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. # 1. By Memorandum Opinion and Order entered on March 13, 2014, the court denied Nezirovic's habeas petition. Nezirovic filed an appeal and asked this court to stay his extradition pending the outcome of the appeal. Dkt. # 29. The court temporarily stayed the Extradition Order until the instant Motion to Stay Extradition Pending Appeal became ripe for consideration. Dkt. # 38. The court has carefully reviewed the parties' respective arguments. For the reasons set forth below, Nezirovic's motion is **GRANTED**.

In determining whether to grant a stay of extradition, courts consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The first two factors are "the most critical." Id. at 434. When the Government is the opposing party, the third and fourth factors merge. Id. at 435. Each factor "contemplate[s] individualized judgments in each case, [and] the formula cannot be reduced to a set of rigid rules." Hilton, 481 U.S. at 777.

A strong showing of a likelihood of success requires more than a "mere possibility of relief" from the appellate court.[1] Nken, 556 U.S. at 434. Although the court believes it reached the right conclusion by denying Nezirovic's habeas petition, the court also recognizes that the law is not well settled on at least some of the important issues in this case. Specifically, petitioner's statute of limitations and *ex post facto* challenges present thorny questions that the Fourth Circuit may answer differently than this court. As noted in the Memorandum Opinion denying Nezirovic's habeas petition, "[s]cant case law exists on the precise issue of retrospective application of statutes of limitation in extradition proceedings." Dkt. # 27 at 15 n.17. Moreover, on review of a habeas petition, the lower court's legal determinations and mixed questions of law and fact must be reviewed *de novo*. See Ordinola v. Hackman, 478 F.3d 588, 610 (4th Cir. 2007) (Traxler, J., concurring); Quinn v. Robinson, 783 F.2d 776, 791 (9th Cir. 1986).

---

[1] However, Nezirovic does not need to convince the court it wrongly decided his case. As one court noted: "Obviously, we think an appeal will probably fail.… Had we thought an appeal would be successful, we would not have ruled as we did in the first place. But a party seeking a stay need not show that it's more than 50% likely to succeed on appeal; otherwise, no district court would ever grant a stay." In re Extradition of Hilton, 13-7043-JCB, 2013 WL 3282864, at *2 (D. Mass. June 26, 2013) (quoting Westefer v. Snyder, No. 00-162-GPM, 2010 WL 4000599, at *3 (S.D. Ill. Oct. 12, 2010) (quoting Thomas v. City of Evanston, 636 F. Supp. 587, 590 (N.D. Ill. 1986))).

The second factor, petitioner's irreparable injury absent a stay, compels the court to stay the extradition pending appeal. If Nezirovic were extradited while his case is being heard by the appellate court, his claims would be rendered moot. See Lindstrom v. Graber, 203 F.3d 470, 473-74 (7th Cir. 2000) (where petitioner was extradited pending his appeal, the court found that he had "nothing to gain from the further prosecution of the appeal," and therefore dismissed his action as moot); Artukovic v. Rison, 784 F.2d 1354, 1356 (9th Cir. 1986) ("The possibility of irreparable injury to Artukovic if we deny his motion is evident: his appeal will become moot and will be dismissed since the extradition will have been carried out."); Noriega v. Pastrana, 07-CV-22816-PCH, 2008 WL 331394, at *3 (S.D. Fla. Jan. 31, 2008) (once extradition occurs "the federal courts will lack jurisdiction and the appeal will effectively be mooted. Thus, even if [the petitioner] prevails on his appeal, it would be a Pyrrhic victory.").

The government cites a number of cases in which courts have found that individuals challenging their extradition or deportation would not suffer irreparable harm if a stay pending review of their case was not granted. Dkt. # 40 at 12-13. However, those cases lacked either a threat of removal prior to the outcome of the pending review or formidable legal issues. Here, the government's desire to execute the Extradition Order "as promptly as possible," Dkt # 40 at 17, may very well preempt the meaningful review that the Fourth Circuit will afford the serious legal questions posed by Nezirovic's claims. Absent a stay, there is a sufficient possibility that Nezirovic would be extradited while his appeal is pending. In this situation, the petitioner would suffer irreparable injury.

Lastly, the government—and, by extension, the public—will not be substantially injured if Nezirovic's extradition is stayed pending appeal. If an appellate court does not afford Nezirovic's requested relief, the remaining steps of his extradition process will resume at that time. The court recognizes the government's interest in timely complying with other countries' extradition requests.

3

See Nken, 556 U.S. at 420 ("There is always a public interest in prompt execution of removal orders … and that interest may be heightened by circumstances such as a particularly dangerous alien, or an alien who has substantially prolonged his stay by abusing the processes provided to him."). However, the court has denied Nezirovic's application for bail, and he will remain in the custody of the United States Marshal while his case is on appeal. The petitioner poses no public threat while detained. Further, the government does not argue, nor does the court believe, that Nezirovic has in any way abused the judicial processes available to him. In sum, this case poses no unique circumstances that would heighten the public interest in extraditing Nezirovic while his appeal is pending.

The government also argues that prompt compliance with the extradition request will promote relations between Bosnia and the United States. See Dkt. # 40 at 14. However, Bosnia did not submit its extradition request until July 9, 2012, some twenty years after the alleged misconduct. The time required to hear Nezirovic's appeal will be a relatively short delay in the decades-long process of bringing Nezirovic before a Bosnian court. Thus, neither the government nor the public will suffer appreciable injuries by staying Nezirovic's extradition pending his appeal.

For these reasons, Nezirovic's Motion to Stay Extradition Pending Appeal (Dkt # 34) is **GRANTED**.

An appropriate Order will be entered.

Entered: July 7, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge